Justice GINSBURG, concurring in part and dissenting in part.
While I agree with the Court that "abuse of discretion" is generally the proper review standard for district court decisions reviewing agency subpoenas, I would nevertheless affirm the Ninth Circuit's judgment in this case. As the Court of Appeals explained, the District Court's refusal to enforce the Equal Employment Opportunity Commission's (EEOC) subpoena for pedigree information rested on a legal error. Lower court resolution of a question of law is ordinarily reviewable de novo on appeal. Highmark Inc. v. Allcare Health Management System, Inc., 572 U.S. ----, ----, and n. 2, 134 S.Ct. 1744, 1748, and n. 2, 188 L.Ed.2d 829 (2014). According to the District Court, it was not yet "necessary [for the EEOC] to seek such information." 2012 WL 5868959, *6 (D.Ariz., Nov. 19, 2012). As the Ninth Circuit correctly conveyed, however: "The EEOC does not have to show a 'particularized necessity of access, beyond a showing of mere relevance,' to obtain evidence." 804 F.3d 1051, 1057 (2015) (quoting University of Pa. v. EEOC, 493 U.S. 182, 188, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990) ). Because the District Court erred as a matter of law in demanding that the EEOC show more than relevance in order to gain enforcement of its subpoena, I would not disturb the Court of Appeals' judgment.